**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSE QUINTANA,<br>*Plaintiff*,<br>v.<br>ASHRAF HAGGAG, *et al.*,<br>*Defendants*. | Civil Action No. 26-2796 (KMW) (EAP)<br>**OPINION**<br>November 20, 2026 |

**THIS MATTER** comes before the Court upon the Complaint filed by *pro se* Plaintiff Jose Quintana pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has been granted leave to proceed *in forma pauperis* (ECF No. 3), and the Court has reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## I. BACKGROUND

Plaintiff is a state prisoner confined at East Jersey State Prison ("EJSP"). (ECF No. 1 at 2.) He brings this action against Ashraf Haggag and Swarnalatha Asokan, physicians at EJSP, and Rutgers University Correctional Health Care ("Rutgers UCHC"), alleging deliberate indifference to serious medical needs, medical malpractice, and retaliation. (*Id.* at 2–17.) Plaintiff sues each Defendant in both their individual and official capacities. (*Id.* at 2–3.)

## II. LEGAL STANDARD

Under the Prison Litigation Reform Act, the Court must review a complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. The Court must also dismiss an action filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B).

At this screening stage, the Court accepts the factual allegations of the Complaint as true and draws all reasonable inferences in Plaintiff's favor. A complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A *pro se* complaint is held to less stringent standards than a complaint drafted by an attorney and is liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## III. DISCUSSION

### a. Eighth Amendment Medical-Care Claims

Plaintiff alleges that, on May 27, 2025, he experienced severe abdominal pain, vomiting, and uncontrolled bloody diarrhea. (ECF No. 1 at 3–4.) He alleges that he was sent to the prison infirmary and subsequently evaluated by Defendant Haggag, but that his requests to be sent to an outside hospital were denied. (*Id.* at 5.) Plaintiff alleges that he remained at the infirmary from May 28 through May 31, 2025, during which time he continued to experience severe abdominal pain, vomiting, and bloody diarrhea and repeatedly asked Defendants Haggag and Asokan to send him to a hospital. (*Id.* at 4–5.) Plaintiff alleges that he was eventually sent to a hospital, where he was diagnosed with diverticulitis and abscesses requiring immediate surgery. (*Id.* at 5.) He underwent surgery on June 11, 2025, including removal of part of his large intestine and creation of a temporary colostomy. (*Id.*)

Plaintiff further alleges that, following his surgery, Defendants Haggag and Asokan failed to provide adequate post-surgical treatment and necessary colostomy supplies, despite repeated

requests and notice of his needs. (*Id.* at 5–7.) According to Plaintiff, the lack of supplies caused the colostomy site to bulge and bleed and caused pain, discomfort, and a rash. (*Id.* at 7–8.) Plaintiff also alleges that Defendants delayed the reversal surgery despite a documented need for the procedure and canceled or postponed scheduled surgical consultations. (*Id.* at 7–10.) The reversal surgery ultimately occurred on December 31, 2025. (*Id.* at 10.)

To state an Eighth Amendment claim based on inadequate medical care, a prisoner must allege a serious medical need and acts or omissions by prison officials indicating deliberate indifference to that need. *Pearson v. Prison Health Service*, 850 F.3d 526, 534 (3d Cir. 2017). Deliberate indifference may be found where a prison official knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment for non-medical reasons, or prevents a prisoner from receiving needed medical treatment. *Id.*; *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).

Liberally construed, Plaintiff's allegations are sufficient to state Eighth Amendment claims against Defendants Haggag and Asokan. Plaintiff identifies an objectively serious medical condition, describes his symptoms in detail, identifies specific requests for treatment and medical supplies, and alleges that Defendants knew of his condition and nevertheless denied or delayed treatment for non-medical reasons. The allegations concerning the delayed hospital treatment, subsequent surgery, inadequate colostomy supplies, and delayed reversal surgery are sufficient to permit these claims to proceed beyond screening.

**b. Claims Against Rutgers University Correctional Health Care**

Plaintiff also alleges that Rutgers UCHC maintained a custom of denying and delaying medical treatment to incarcerated persons for financial reasons and that Rutgers UCHC tolerated or participated in retaliation against prisoners who complained about their medical care. (ECF No.

1 at 8–9, 11–18.)

A private entity performing a traditional state function may be liable under § 1983, but it cannot be held liable solely on a theory of *respondeat superior*. Rather, a plaintiff must allege that the entity had a policy or custom that caused the constitutional violation. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003).

Plaintiff alleges in general terms that Rutgers UCHC knew of the alleged practices of its medical employees, failed to correct those practices, and benefited financially from denying or delaying medical care. (ECF No. 1 at 8–9.) He further alleges that other prisoners and their families complained to Rutgers UCHC and that lawsuits had previously been filed against Rutgers UCHC and its medical employees. (*Id.*)

These allegations, however, do not identify with sufficient specificity a Rutgers UCHC policy or custom that caused the particular constitutional violations alleged by Plaintiff. Plaintiff's assertions concerning the practices of medical providers generally and Rutgers UCHC's purported knowledge of those practices are conclusory and do not presently establish municipal-type liability under § 1983.

Accordingly, Plaintiff's § 1983 claims against Rutgers UCHC are dismissed without prejudice, with leave to amend if Plaintiff can allege facts identifying a specific policy or custom attributable to Rutgers UCHC that caused the constitutional violations alleged in the Complaint.

**c. First Amendment Retaliation**

Plaintiff alleges that he repeatedly complained about the adequacy of his medical treatment and supplies and that Defendants Haggag and Asokan retaliated against him by delaying his reversal surgery and withholding or delaying necessary colostomy supplies because he complained. (ECF No. 1 at 6–10, 14–16.)

A prisoner asserting a retaliation claim must allege that he engaged in constitutionally protected conduct, that he suffered adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and that the protected conduct was a substantial or motivating factor in the adverse action. *Rauser v. Horn*, 241 F.3d 330, 333–34 (3d Cir. 2001); *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000).

Plaintiff alleges that he complained about his medical treatment and supplies and that Defendants subsequently delayed treatment and supplies in order to punish him for those complaints. (ECF No. 1 at 6–10, 14–16.) At the screening stage, these allegations are sufficient to state First Amendment retaliation claims against Defendants Haggag and Asokan.

Plaintiff's allegations that he may be subjected to future retaliation by Defendants or their colleagues, including retaliatory transfers, searches, destruction of property, or interference with legal materials (ECF No. 1 at 15–16) do not identify an actual constitutional violation. Those allegations are therefore not independently cognizable at this time.

**d. New Jersey Tort Claims Act Claims**

Plaintiff also asserts claims for medical malpractice and negligence under the New Jersey Tort Claims Act. (ECF No. 1 at 13–14.) Plaintiff alleges that Defendants' conduct caused him physical pain, surgeries, mental distress, and diminished quality of life. (*Id.* at 12–15.)

The Complaint, however, does not allege that Plaintiff served a notice of claim pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:8-1 to -11, or otherwise allege facts establishing compliance with the Act's notice requirements. Because compliance with the notice provisions is a prerequisite to suit under the Act, *see* N.J.S.A. 59:8-8, Plaintiff's state-law claims cannot presently proceed on the allegations in the Complaint.

The Tort Claims Act claims are therefore dismissed without prejudice to Plaintiff's ability

to amend if he can truthfully allege facts establishing compliance with the Act.

The Court does not at this time reach any issue concerning the merits of Plaintiff's medical-malpractice claims or any affidavit-of-merit requirement.

**e. Official-Capacity Claims**

Plaintiff sues Defendants Haggag and Asokan in their individual and official capacities. (ECF No. 1 at 3.) To the extent Plaintiff seeks monetary damages against these Defendants in their official capacities, such claims are treated as claims against the State and are barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Accordingly, Plaintiff's official-capacity claims for damages against Defendants Haggag and Asokan are dismissed without prejudice. Plaintiff's individual-capacity claims remain unaffected.

## IV. CONCLUSION

In sum, Plaintiff's Eighth Amendment medical-care claims and First Amendment retaliation claims against Defendants Haggag and Asokan may proceed beyond screening in their individual capacities. Plaintiff's § 1983 claims against Rutgers UCHC, his state-law claims under the New Jersey Tort Claims Act, and his official-capacity claims for monetary damages against Defendants Haggag and Asokan are dismissed without prejudice. Finally, Plaintiff's allegations concerning potential future retaliation are not independently cognizable at this time.

The Court expresses no opinion on the ultimate merits of Plaintiff's surviving claims.

An appropriate Order follows.

**Hon. Karen M. Williams,**
**United States District Judge**